**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                    Case No. 06-CV-13124-DT

ELEANOR D. FOX,

      Defendant.
                                            /

**OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO EFFECT SERVICE AND LACK OF PROSECUTION**

On July 10, 2006, Plaintiff initiated this action against Defendant Eleanor D. Fox. Over four months after the complaint was filed, a review of the docket indicated that Defendant had never been served with a copy of the summons and complaint. (*See* 11/21/06 Order.) Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 120 days the court shall dismiss the action without prejudice as to that defendant. Further, Eastern District of Michigan Local Rule 41.2 provides that if the parties have not taken action within a reasonable time, the court may enter an order dismissing the case for lack of prosecution. Thus, on November 11, 2006, the court ordered Plaintiff to show cause why this action should not be dismissed for lack of prosecution.

On November 27, 2006, Plaintiff filed an "Ex Parte Motion to Extend Time for Service." The motion states that after filing the complaint, Plaintiff's counsel gave copies of the summons and complaint to a process server. (Mot. at ¶ 4.) Plaintiff asserts that it thereafter "lost all contact with its process server and was unable to reach

said process server for a status update or to request the return of the documents." (*Id.* at ¶ 5.)  Plaintiff further states that it has since obtained the documents from the original process server and hired a new process server to effect service on Defendant.  (*Id.* at ¶ 8.)  Plaintiff therefore requests that the court extend the time for service in this matter for an additional thirty days.

The court is not persuaded that an extension of time is warranted.  Plaintiff does not allege that Defendant is evading service, nor does it provide an explanation indicating how many times, or when, counsel attempted to contact its process server.  While the process server certainly is at fault for failing to serve Defendant, Plaintiff should have acted more diligently to either obtain a new process server or move earlier for relief from the court.  The court finds that under these circumstances Plaintiff has not shown "good cause" for its failure to effect service on Defendant, Fed. R. Civ. P. 4(m), or for its failure to prosecute this case, E.D. Mich. LR 41.2.  Accordingly,

IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE for lack of service and failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m) and Eastern District of Michigan Local Rule 41.2.[1]

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2006

---

[1] It is the court's understanding that there is no statute of limitations issue for this case.  Thus, Plaintiff is free to initiate a new action, thereby obtaining 120 days, rather than the thirty requested in this case, to effectuate service on Defendant.

2

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2006, by electronic and/or ordinary mail.

                                       S/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522